■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DEGONDEA, Appellant. [682 NYS2d 139] —Appeal from judgment, Supreme Court, New York County (James Leff, J.), rendered January 9, 1995, convicting defendant, after a jury trial, of murder in the first degree, attempted murder in the first degree, criminal possession of a weapon in the second degree and criminal sale of marihuana in the first degree, and sentencing him to consecutive terms of 25 years to life on the murder and attempted murder convictions and 5 to 15 years on the marihuana sale conviction, and a concurrent term of 5 to 15 years on the possession of a weapon conviction, held in abeyance and the matter remanded for a reconstruction hearing in accordance with this Court's instructions.

Defendant David Degondea was convicted of murdering Police Officer Luis Lopez (Lopez) during a shootout that took place on the Lower East Side on March 10, 1993. As we have determined that this appeal should be held in abeyance pending completion of a hearing by the Supreme Court, our discussion of the facts is limited to the issue underlying our remand order.

Defendant argues that the trial court committed reversible error in denying his challenges for cause as to two jurors who stated that they could not be fair because of their relationships with police officers. Specifically, defendant contends that the trial court made improper credibility determinations by refusing to accept the veracity of the jurors' assertions that they could not be fair.

As neither party requested it, the voir dire questioning of the two jurors at issue was not stenographically recorded. However, the portion of the voir dire proceedings that included the parties' challenges and the court's rulings was recorded. The transcript reveals that defense counsel challenged juror number five because that juror "expressed that he couldn't be fair to the defendants in the case, because * * * he had a very definite view of guns, police officers, [and] he has a close friend from Narcotics." Defense counsel challenged juror number eleven because he stated he couldn't be fair because he had many friends who were police officers. The court denied the challenges for cause as to both jurors, and further denied defense counsel's request that both jurors be requestioned. Both defense attorneys continued arguing that the jurors had expressed that they could not be fair, and demanded their requestioning. The court responded "That is not enough" and "I understand they said they couldn't be fair and I don't accept that." The prosecutor remembered differently, arguing that the court had asked the jurors their feelings and "they still stated they could be fair."

Since the jurors' responses during voir dire questioning were not recorded, it is impossible to determine with any degree of accuracy what the jurors actually stated, and whether their statements warranted excusal for cause. Under such circumstances, meaningful appellate review of defendant's jury selection claim is precluded (see, People v Harrison, 85 NY2d 794). Although defendant argues that the absence of a record does not preclude appellate review because the court agreed with defense counsels' characterization of the jurors' responses, the record shows that the prosecutor flatly contradicted this version. Thus, a clear dispute exists as to the substance of the

jurors' statements that cannot be resolved on the extant record (*cf., People v Alston*, 222 AD2d 294, *affd* 88 NY2d 519).

Moreover, there is evidence in the record which suggests that the defense attorneys consistently mischaracterized the jurors' responses in pursuing their disqualification. For example, the defense attorneys asserted that two other jurors had stated that they could not be fair, and the court responded "That is not so." While defense counsel no doubt were merely placing the jurors' comments in a light most favorable to their disqualification, the contradictory statements by the court, defense counsel and the prosecutor make it clear that the existing record establishes nothing definitively, and precludes appellate review of the court's rulings on the challenges for cause.

The question remaining is the appropriate remedy. Generally, an appealing defendant bears the burden of providing an adequate record to review his appellate claims (*see, People v Kinchen*, 60 NY2d 772, 773-774; *People v Pena*, 243 AD2d 337). Here, it is undisputed that neither party requested that the relevant portion of the voir dire questioning be recorded. However, after the court initially denied the challenges for cause, defense counsel made repeated requests for the court to requestion the jurors as to whether they could be fair, and the court denied each request. Thus, defendant was effectively thwarted from creating an adequate record for appellate review (*see, People v Harrison, supra*).

Nonetheless, the Court of Appeals has held that the absence of a stenographic transcript does not per se require the reversal of a conviction (*People v Harrison, supra*, at 796; *People v Glass*, 43 NY2d 283). Rather, reversal is required only if the defendant is prejudiced (*supra*), and a defendant will not be prejudiced if the record can be accurately reconstructed (*supra*). We believe that a remand for a reconstruction hearing is appropriate in these circumstances. Although the Trial Justice is now deceased, there has been no showing that the prosecutor, both defense counsel, court personnel and the defendant himself would be unavailable to assist in the reconstruction of the record (*see, People v Glass, supra* [defendant completely failed to indicate that alternative methods of providing an adequate record were not at hand]). We note that it is common practice for trial attorneys to make notes during jury selection to rely on when making challenges, and these notes may still be in existence. As no showing has been made that reconstruction is impossible (*cf., People v Scott*, 70 NY2d 420; *People v Rivera*, 39 NY2d 519; *see also, People v Fleming*, 221 AD2d 287), we remand for a reconstruction hearing to determine the

substance of the two jurors' statements during the voir dire proceedings that relate to whether either juror possessed any genuine bias that would preclude such juror from rendering an impartial verdict. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Andrias and Saxe, JJ.