◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN FERGUSON, Appellant. [801 NYS2d 655]—

Appeal from a judgment of the Supreme Court, Monroe County (Donald J. Mark, J.), rendered October 3, 2000. The judgment convicted defendant, upon a jury verdict, of kidnap-

ping in the second degree, reckless endangerment in the first degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree and criminal use of a firearm in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of kidnapping in the second degree (Penal Law § 135.20), reckless endangerment in the first degree (§ 120.25), attempted robbery in the first degree (§§ 110.00, 160.15 [2]), criminal possession of a weapon in the second degree (§ 265.03) and criminal use of a firearm in the first degree (§ 265.09 [1]). Supreme Court properly denied that part of defendant's motion seeking to dismiss the indictment pursuant to CPL 30.30 (1) (a) and 210.20 (1) (g). The People timely announced their readiness for trial within six months of the commencement of the criminal action (*see* CPL 30.30 [1] [a]), and they are not chargeable with the period of postreadiness delay resulting from the failure of defendant to appear and his subsequent absence from the jurisdiction (*see People v Carter*, 91 NY2d 795, 798-799 [1998]; *People v Roberts*, 176 AD2d 1200, 1201 [1991], *lv denied* 79 NY2d 831 [1991]). We reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his further contention that the third through sixth counts of the indictment are duplicitous (*see* CPL 470.05 [2]; *People v Spagnualo*, 5 AD3d 995, 997 [2004], *lv denied* 2 NY3d 807 [2004]; *People v Bryan*, 270 AD2d 875 [2000], *lv denied* 95 NY2d 904 [2000]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The contention of defendant that he was denied his right to effective assistance of counsel is based upon matters outside the trial record and thus must be raised by way of a motion pursuant to CPL 440.10 (*see People v Walton*, 14 AD3d 419, 420 [2005]). Present—Green, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.