THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL LINNAN, Appellant. [805 NYS2d 206]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered April 19, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that reversal is required because

County Court erred in denying his challenge for cause to a prospective juror. We note at the outset that defendant thereafter exhausted his peremptory challenges, and thus his contention is properly before us (see CPL 270.20 [2]; *People v Nicholas*, 98 NY2d 749, 752 [2002]).

The transcript of voir dire establishes that, when defense counsel asked the prospective juror in question whether she could be "objective" after viewing graphic photographs of the victim, she responded, "Not being subjected to that, maybe. I'm not certain how I would respond." Defense counsel then asked her, "Are you saying [that] if you did look at the pictures, you can't say whether you would be fair and impartial after looking at them?" She responded, "That's correct." Seeking clarification, defense counsel asked, "Based on the graphic nature, not necessarily on what [the People might prove or fail to prove]?" The prospective juror responded, "Right."

On its face, the record discloses no follow-up questioning of that prospective juror and, indeed, it appears from the record that defense counsel immediately turned his attention to another prospective juror who was not subsequently challenged for cause and who said that she thought she could "maintain [her] objectivity" even after viewing "real graphic photographs." In their brief, however, the People assert that the exchange attributed by the transcript to the prospective juror not challenged for cause "may well have" involved the prospective juror challenged for cause, and that the prospective juror challenged for cause may thereby have rehabilitated herself as an impartial juror. Given the factual dispute concerning which prospective juror engaged in the subsequent exchange with defense counsel, we are unable to determine whether the prospective juror challenged for cause, despite having "cast serious doubt on [her] ability to render a fair verdict under the proper legal standards" (*People v Bludson*, 97 NY2d 644, 646 [2001]), thereafter gave the requisite unequivocal assurances that her prior state of mind would not influence her verdict and that she could be fair and impartial (see generally *Nicholas*, 98 NY2d at 751-752; *Bludson*, 97 NY2d at 646; *People v Arnold*, 96 NY2d 358, 362-363 [2001]; *People v Johnson*, 94 NY2d 600, 614-616 [2000]). We therefore hold the case, reserve decision and remit the matter to County Court for a reconstruction hearing to determine which prospective juror made the expurgatory statements (see *People v Degondea*, 256 AD2d 39, 40-42 [1998]; cf. *People v Cohen*, 302 AD2d 904, 905 [2003]; *People v Russo*, 283 AD2d 910, 910-911 [2001], *lv dismissed* 96 NY2d 867 [2001]). Present—Kehoe, J.P., Martoche, Smith and Hayes, JJ.