■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL LINNAN, Appellant. [817 NYS2d 549]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered April 19, 2002. The appeal was held by this Court by order entered November 10, 2005, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (23 AD3d 1013 [2005]). The proceedings were held and completed.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted on count one of the indictment.

Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that reversal is required because County Court erred in denying his challenge for cause to a prospective juror. When this matter previously was before this Court, we held the case, reserved decision, and remitted the matter to County Court for a reconstruction hearing because we were unable to determine from the record whether the prospective juror challenged for cause gave the requisite unequivocal assurances that she could be fair and impartial, or whether those assurances had in fact been made by a different prospective juror (*People v Linnan*, 23 AD3d 1013 [2005]). Upon remittal, the People in effect conceded that the prospective juror challenged for cause was not the same prospective juror who made the expurgatory statements, and the court thus so determined. It therefore must be concluded that the prospective juror challenged for cause by defendant never gave the requisite assurances of her ability to decide the case impartially. Consequently, the court erred in denying defendant's challenge for cause to the prospective juror (*see generally People v Nicholas*, 98 NY2d 749, 751-752 [2002]; *People v Bludson*, 97 NY2d 644 [2001]; *People v Arnold*, 96 NY2d 358, 362-363 [2001]; *People v Johnson*, 94 NY2d 600, 614-616 [2000]). We therefore reverse the judgment and grant a new trial on count one of the indictment.

We further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In addition, we reject the challenge by defendant to the legality of his warrantless arrest in a public place inasmuch as there was probable cause for his arrest (*see* CPL 140.05;

*United States v Santana*, 427 US 38, 42 [1976]). In view of our determination, we do not address defendant's remaining contentions. Present—Kehoe, J.P., Martoche, Smith and Hayes, JJ.