■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. BRACEWELL, Appellant. [827 NYS2d 793]—

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered January 25, 2005. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (28 counts) and endangering the welfare of a child (30 counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed as a matter of discretion in the interest of justice and on the law, counts 4 through 29 of the indictment are dismissed without prejudice to the People to represent any appropriate charges under those counts of the indictment to another grand jury, and a new trial is granted on counts 1, 2, 32, 33, and 35 through 62 of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of 28 counts of sexual abuse in the first degree (Penal Law § 130.65 [1]) and 30 counts of endangering the welfare of a child (§ 260.10 [1]). Defendant contends that the indictment was not a legally sufficient instrument under CPL article 200, based in part on its duplicitousness. Although that contention has not been preserved for our review (*see People v Raymo*, 19 AD3d 727, 728-729 [2005], *lv denied* 5 NY3d 793 [2005]; *People v Velasquez*, 264 AD2d 450 [1999], *lv denied* 94 NY2d 830 [1999]; *cf. People v Dalton*, 27 AD3d 779, 781 [2006], *lv denied* 7 NY3d 754 [2006]), we exercise our power to review it as a matter of discretion in the interest of justice (*see People v Comfort*, 31 AD3d 1110, 1111-1112 [2006]; *People v White*, 283 AD2d 964, 965 [2001]). Each of counts 4 through 29 of the indictment alleges an act of sexual abuse committed "on or about one day during" a specified week from February through November 2002. Although those counts are not duplicitous on their face inasmuch as they each allege a single act (*see* CPL 200.50 [3]-[7]; *see also* CPL 200.30 [1]; *see generally People v Davis*, 72 NY2d 32, 37-39 [1988]; *People v Keindl*, 68 NY2d 410, 417-418 [1986], *rearg denied* 69 NY2d 823 [1987]), those counts were rendered duplicitous by the trial evidence tending to establish the commission of multiple criminal acts during each of the weeks specified in the indictment (*see Dalton*, 27 AD3d at 780-781; *Raymo*, 19 AD3d at 729).

Moreover, our examination of the grand jury minutes reveals

that the counts in question are duplicitous in light of the grand jury testimony on which those counts are based (*see People v Levandowski*, 8 AD3d 898, 899 [2004]). Under the circumstances, there can be no assurance that the jury "reached a unanimous verdict as to any one of the offenses" (*Keindl*, 68 NY2d at 418). Moreover, the duplicitousness of the indictment in light of the evidence defeats the indictment's "functions of notice to a defendant and of assurance against double jeopardy" (*id.*). We therefore reverse those parts of the judgment convicting defendant of sexual abuse in the first degree under counts 4 through 29 of the indictment and dismiss those counts of the indictment without prejudice to the People to re-present any appropriate charges under those counts to another grand jury (*see People v Dathan*, 27 AD3d 575, 575-576 [2006], *lv denied* 7 NY3d 787 [2006]; *Dalton*, 27 AD3d at 781; *see also Levandowski*, 8 AD3d at 899-900).

Defendant additionally contends that County Court erred in denying his challenge for cause to a prospective juror. Initially, we note that the contention is properly before us because defendant peremptorily challenged the prospective juror and thereafter exhausted his peremptory challenges before jury selection was completed (*see* CPL 270.20 [2]; *People v Nicholas*, 98 NY2d 749, 752 [2002]; *People v Bludson*, 97 NY2d 644, 645-646 [2001]; *People v Lynch*, 95 NY2d 243, 248-249 [2000]; *People v Linnan*, 23 AD3d 1013, 1014 [2005]). We conclude that the prospective juror in question "cast serious doubt on [his] ability to render a fair verdict under the proper legal standards" (*Bludson*, 97 NY2d at 646), and that he never "thereafter gave the requisite unequivocal assurances that [his] prior state of mind would not influence [his] verdict and that [he] could be fair and impartial" (*Linnan*, 23 AD3d at 1014; *see generally Nicholas*, 98 NY2d at 751-752; *Bludson*, 97 NY2d at 646; *People v Arnold*, 96 NY2d 358, 362-363 [2001]; *People v Johnson*, 94 NY2d 600, 614-616 [2000]). We therefore reverse the remaining parts of the judgment convicting defendant of sexual abuse in the first degree under counts 1 and 2 of the indictment and convicting defendant of endangering the welfare of a child under counts 32, 33, and 35 through 62 of the indictment and grant defendant a new trial on counts 1, 2, 32, 33, and 35 through 62 of the indictment.

In light of our disposition, we address only certain of defendant's other contentions, specifically noting that the evidence is legally sufficient to support the conviction of sexual abuse in the first degree and endangering the welfare of a child, and that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

All concur, Pigott, Jr., P.J., not participating. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Green, JJ.