THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MCALLISTER, Appellant. [837 NYS2d 802]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered December 3, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see* CPL 470.05 [2]; *People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]) and, in any event, defendant's contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally id.*).

Supreme Court properly refused to suppress the evidence seized from defendant's motel room because defendant orally

gave the police his consent to search the motel room (*see generally People v Williams*, 202 AD2d 976 [1994], *lv denied* 83 NY2d 916 [1994]). Defendant failed to preserve for our review his further contention that the prosecutor violated the court's *Sandoval* ruling by eliciting facts that the court had ruled inadmissible (*see People v Freeman*, 28 AD3d 1161, 1162 [2006], *lv denied* 7 NY3d 788 [2006]). In any event, the alleged violation by the prosecutor with respect to the court's *Sandoval* ruling is harmless error (*see People v Grant*, 7 NY3d 421, 424-425 [2006]).

Defendant also failed to preserve for our review his contentions with respect to the jury charge (*see* CPL 470.05 [2]; *People v Meagher*, 4 AD3d 828, 829 [2004], *lv denied* 3 NY3d 644 [2004]), and he failed to preserve for our review his contention that the indictment was duplicitous (*see* CPL 470.05 [2]; *People v Dann*, 17 AD3d 1152 [2005], *lv denied* 5 NY3d 761 [2005]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, defendant was not deprived of effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Present—Scudder, P.J., Gorski, Martoche, Smith and Green, JJ.