In the Matter of BRANDON S.M., Appellant. LIVINGSTON COUNTY ATTORNEY, Respondent. [844 NYS2d 529]—Appeal from an order of the Family Court, Livingston County (Joan S. Kohout, J.), entered September 29, 2006 in a proceeding pursuant to Family Court Act article 3. The order adjudicated respondent a juvenile delinquent and placed him on probation for a period of 24 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating him to be a juvenile delinquent based on findings that he committed acts that, if committed by an adult, would constitute the crimes of forcible touching (Penal Law § 130.52) and sexual abuse in the first degree (§ 130.65 [1]). Respondent failed to preserve for our review his contention that the evidence is legally insufficient to support the finding of forcible touching (*see Matter of Matthew M.R.*, 37 AD3d 1135 [2007]). In any event, "the evidence presented at the hearing, when viewed in the light most favorable to the presentment agency . . . , is legally sufficient to prove beyond a reasonable doubt that respondent committed the acts alleged in the petition" (*Matter of Zachary R.F.*, 37 AD3d 1073 [2007]; *see Matter of Troy J.*, 22 AD3d 581 [2005]).

Respondent also failed to preserve for our review his contention that Family Court's finding with respect to forcible touching must be vacated and that count dismissed because it is du-

plicitous and violates Family Court Act § 311.1 (3) (d), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see generally People v McAllister,* 41 AD3d 1186 [2007]; *People v Ferguson,* 21 AD3d 1415 [2005], *lv denied* 6 NY3d 753 [2005]; *People v Parker,* 2 AD3d 1282 [2003], *lv denied* 2 NY3d 744 [2004]). We reject the further contention of respondent that the Law Guardian failed to provide meaningful representation. Contrary to respondent's contention, the Law Guardian was not ineffective in failing to present testimony that the incidents did not occur. The victim testified that there were no witnesses to the incidents, and respondent himself could not establish that he was not present when the incidents occurred. The record establishes that the cross-examination of the victim by the Law Guardian raised issues with respect to the victim's credibility and that the Law Guardian had a coherent and reasonable trial strategy, and we thus conclude that respondent was not denied effective assistance of counsel (*see Matter of Jeffrey V.,* 82 NY2d 121, 126-127 [1993]; *Matter of Michael DD.,* 33 AD3d 1185, 1186-1187 [2006]; *Matter of Shaheen P.J.,* 29 AD3d 996, 997-998 [2006]). We have considered respondent's remaining contention and conclude that it is without merit. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Green, JJ.