■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BENNETT, SR., Appellant. [859 NYS2d 836]—

Appeal from a judgment of the Niagara County Court (Amy J. Fricano, J.), rendered May 8, 1996. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (two counts), rape in the second degree, and sexual abuse in the first degree (five counts).

It is hereby ordered that *the judgment* so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing those parts convicting defendant of sexual abuse in the first degree under counts two and three of the indictment and dismissing those counts of the indictment without prejudice to the People to re-present any appropriate charges under those counts of the indictment to another grand jury and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of rape in the first degree (Penal Law § 130.35 [1], [3]), one count of rape in the second degree (§ 130.30 [1]), and five counts of sexual abuse in the first degree (§ 130.65 [1], [3]). Defendant contends that counts two and three of the indictment, charging him with sexual abuse in the first degree, were rendered duplicitous based on the trial testimony. We agree. Although defendant failed to preserve his contention for our review (*see People v McAllister*, 41 AD3d 1186, 1187 [2007], *lv denied* 9 NY3d 878 [2007]; *People v Bracewell*, 34 AD3d 1197, 1198 [2006]), we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *Bracewell*, 34 AD3d at 1198). Those counts charged defendant with sexual abuse in the first degree based, respectively, on the victim's age and forcible compulsion. Both counts arose out of the same conduct, alleged to have been committed "on or about and between" December 26 and December 31, 1991. Although the counts are not facially duplicitous inasmuch as they arise from a single act but are based on different theories of liability (*see* CPL 200.50 [3], [6]; *see also* CPL 200.30 [1]), they were rendered duplicitous by the trial evidence tending to establish the commission of two criminal acts during the time period specified in the indictment (*see Bracewell*, 34 AD3d at 1198; *see generally People v Keindl*, 68 NY2d 410, 417-418 [1986], *rearg denied* 69 NY2d 823 [1987]). Based on that evidence, "it is impossible to verify that each member of the jury convicted defendant for the same criminal act" (*People v Dalton*, 27 AD3d 779, 781 [2006], *lv denied* 7 NY3d 754 [2006]). We therefore modify the judgment by reversing those parts convicting defendant of sexual abuse in the first degree under counts two and three of the indictment and dismissing *those counts without prejudice to* the People to re-present any appropriate charges under those counts to another grand jury (*see Bracewell*, 34 AD3d at 1198-1199).

Defendant failed to preserve for our review his contention that the People erred in failing to disclose certain *Rosario* material (*see People v Rogelio*, 79 NY2d 843 [1992]; *People v Little*,

23 AD3d 1117, 1118 [2005], *lv denied* 6 NY3d 777 [2006]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject the further contention of defendant that defense counsel's failure to object to the alleged *Rosario* violation deprived him of effective assistance of counsel. "[W]hen viewed in its totality as of the time of trial," defense counsel's representation was meaningful (*People v Flores*, 84 NY2d 184, 189 [1994]).

We further reject defendant's contention that County Court erred in admitting evidence of prior uncharged instances of domestic violence witnessed by the victim. "Prior and concurrent threats and violence to the victim's family . . . are admissible as proof of the element of forcible compulsion and to explain the victim's failure to reveal the ongoing sexual assaults" (*People v Greene*, 306 AD2d 639, 642 [2003], *lv denied* 100 NY2d 594 [2003]). Here, the evidence of four prior uncharged instances of domestic violence witnessed by the victim was admissible for the purpose of establishing the element of forcible compulsion and the victim's delayed reporting (*see id.*; *see also People v Higgins*, 12 AD3d 775, 777-778 [2004], *lv denied* 4 NY3d 764 [2005]). Defendant failed to preserve for our review his contention that the court erred in failing to give a limiting instruction with respect to the evidence of defendant's prior acts of domestic violence during the testimony (*see People v Wright*, 5 AD3d 873, 876 [2004], *lv denied* 3 NY3d 651 [2004]; *People v Williams*, 241 AD2d 911 [1997], *lv denied* 91 NY2d 837 [1997]), and we note in any event that the court properly gave the jury a limiting instruction in its jury charge (*cf. Greene*, 306 AD2d at 642-643).

Contrary to defendant's further contentions, the conviction under count 16 of the indictment is supported by legally sufficient evidence and the verdict is not against the weight of the evidence with respect to that count (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, we conclude that the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Gorski, JJ.