In the Matter of DOMINICK L., Appellant. MONROE COUNTY ATTORNEY, Respondent. [886 NYS2d 264]—Appeal from an order of the Family Court, Monroe County (Marilyn L. O'Connor, J.), entered December 4, 2007 in a proceeding pursuant to Family Court Act article 3. The order adjudged that respondent is a juvenile delinquent and placed respondent in the custody of the New York State Office of Children and Family Services.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the provision adjudicating respondent a juvenile delinquent based upon the finding that he committed an act that, if committed by an adult,

would constitute the crime of reckless endangerment in the second degree and dismissing count four of the petition and as modified the order is affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating him to be a juvenile delinquent based on findings that he committed acts that, if committed by an adult, would constitute the crimes of reckless endangerment in the second degree (Penal Law § 120.20), attempted assault in the third degree (§§ 110.00, 120.00 [1]), harassment in the first degree (§ 240.25) and menacing in the second degree (§ 120.14 [2]). We agree with respondent that the evidence is legally insufficient to establish that he created a substantial risk of serious physical injury to another person and thus is legally insufficient with respect to the charge of reckless endangerment (*see generally Matter of David H.*, 69 NY2d 792, 793-794 [1987]). We therefore modify the order accordingly.

We conclude, however, that the evidence, when viewed in the light most favorable to the presentment agency (*see id.* at 793; *Matter of Brandon S.M.*, 43 AD3d 1371 [2007]), is legally sufficient with respect to the remaining crimes of attempted assault, harassment, and menacing (*see generally Matter of Zachary R.F.*, 37 AD3d 1073 [2007]; *Matter of Katrina W.*, 277 AD2d 949 [2000]). We reject respondent's further contention that Family Court's findings with respect to the remaining crimes are against the weight of the evidence (*see Matter of Travis D.*, 1 AD3d 968, 969 [2003]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Smith, J.P., Fahey, Carni, Pine and Gorski, JJ.