■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO MELENDEZ, Appellant. [896 NYS2d 354]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered March 19, 2008, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him to a term of seven years, unanimously affirmed.

Since defendant's cross-examination of one of the victims raised issues regarding the details of the descriptions of the perpetrators that the victim gave to the police, and whether the victim could accurately recall those descriptions, the court properly permitted the People to elicit the descriptions from a detective (*see People v Figueroa*, 35 AD3d 204 [2006], *lv denied* 8 NY3d 880 [2007]; *People v Griffin*, 173 AD2d 216 [1991], *lv denied* 78 NY2d 1076 [1991]; *see also People v Rice*, 75 NY2d 929, 931 [1990]). In any event, any error in permitting the detective's testimony as to the descriptions was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). There is no reasonable possibility that the verdict was affected by the circumstance that the jury heard both the victim and the detective testify as to the victim's description of defendant.

Defendant is not entitled to summary reversal as the result of the People's loss of a surveillance tape and 911 tape that were admitted at trial (*see People v Yavru-Sakuk*, 98 NY2d 56 [2002]). The record establishes that the surveillance tape had little value because it did not show anyone's faces, and a full transcript of the 911 call is in the record. Furthermore, defendant has not identified any issue that this Court could not decide without viewing the videotape or listening to the audiotape.

Defendant did not preserve any of his challenges to the prosecutor's summation and the court's charge, including his constitutional claims, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Saxe, Nardelli, Abdus-Salaam and Román, JJ.