# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1511**

**KA 09-02220**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

DANA P. BROWN, DEFENDANT-APPELLANT.

---

THOMAS E. ANDRUSCHAT, EAST AURORA, FOR DEFENDANT-APPELLANT.

DANA P. BROWN, DEFENDANT-APPELLANT PRO SE.

GERALD L. STOUT, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered September 24, 2009. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child, sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, predatory sexual assault against a child (Penal Law § 130.96). Defendant moved pro se to dismiss the indictment on the ground that he was denied his right to a speedy trial pursuant to CPL 30.30, but he failed to contest the specific statutory exclusions on which the People thereafter relied. It is well settled that, "once the People identify the statutory 'exclusions on which they intend to rely,' the defendant preserves challenges to the People's reliance on those exclusions for appellate review by 'identify[ing] any legal or factual impediments to the use of [those] exclusions' . . . . The purpose of adhering to strict rules of preservation in [that] context is to provide the court with an 'opportunity to remedy the problem and thereby avert reversible error' " (*People v Goode*, 87 NY2d 1045, 1047). Defendant therefore failed to preserve for our review his contentions regarding those exclusions. In any event, those contentions are without merit. The People timely announced their readiness for trial within six months of the commencement of the criminal action (*see* CPL 30.30 [1] [a]). The People correctly concede that they are chargeable with the delay between August 21, 2008, when County Court dismissed the first indictment, and September 26, 2008, when the People announced their readiness for trial on the second indictment. That delay

notwithstanding, the total prereadiness time chargeable to the People was 40 days, and only an additional 13 days of postreadiness delay is chargeable to the People. "Thus, the record establishes that the total period of time chargeable to the People is less than six months" (*People v Figueroa*, 15 AD3d 914, 915).

Contrary to the further contention of defendant, the court properly refused to suppress his statements to the police. The record of the *Huntley* hearing establishes that defendant was not subject to custodial interrogation and thus that *Miranda* warnings were not required (*see generally People v Centano*, 76 NY2d 837, 838; *People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851).

Defendant contends that he was denied a fair trial based on the testimony of a police investigator with respect to the video recording that defendant showed to the victim and which was obtained by the investigator. Defendant failed to object to the prosecutor's comments on summation concerning that testimony, including the prosecutor's use of the name of the video recording, and thus his contention with respect to those comments is not preserved for our review (*see People v Beggs*, 19 AD3d 1150, 1151, *lv denied* 5 NY3d 803). Defendant also failed to preserve for our review his contention that the court failed to clarify its jury instruction regarding that testimony inasmuch as he failed to object to that charge (*see People v Nenni*, 269 AD2d 785, 786, *lv denied* 95 NY2d 801; *People v Ocasio*, 241 AD2d 933, *lv denied* 90 NY2d 908). In any event, defendant's contentions are without merit. The victim testified that she watched a certain movie at the direction of defendant, and thus the investigator's testimony that such a video recording existed was admissible to support her testimony, and the prosecutor was permitted to comment on that evidence in summation.

Defendant also failed to preserve for our review his contention that the court permitted improper bolstering of the victim's testimony (*see People v Rodriguez*, 284 AD2d 952, *lv denied* 96 NY2d 924; *People v Dunn*, 204 AD2d 919, 920-921, *lv denied* 84 NY2d 907). In any event, that contention is without merit. With respect to the testimony of the first witness in question, we note that the court sustained defendant's objection to that testimony and thus it cannot be said that the court permitted improper bolstering through the testimony of that witness. With respect to the testimony of the second witness in question, we note that the witness merely testified that the victim indicated that her father was the perpetrator. Even assuming, arguendo, that the witness's testimony constituted improper bolstering, we conclude that the error is harmless inasmuch as the evidence of defendant's guilt was overwhelming and there was no significant probability that defendant would have been acquitted but for the error (*see People v Rice*, 75 NY2d 929, 932; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

Defendant failed to preserve for our review his further contention that the first count of the indictment is duplicitous (*see People v Sponburgh*, 61 AD3d 1415, *lv denied* 12 NY3d 929; *People v Pyatt*, 30 AD3d 265, *lv denied* 7 NY3d 869), and we decline to exercise

our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We reject the contention of defendant in his pro se supplemental brief that he was denied effective assistance of counsel based on, inter alia, defense counsel's failure to move to dismiss the first count of the indictment as duplicitous.  "To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for [defense] counsel's failure to [make such a motion]" (*People v Rivera*, 71 NY2d 705, 709).  Here, defendant failed to meet that burden, and thus defense counsel's purported "failure, 'without more, is insufficient to demonstrate ineffective assistance' " (*People v Hibbard*, 27 AD3d 1196, 1197, *lv denied* 7 NY3d 790; *see People v Hardy*, 49 AD3d 1232, *affd* 13 NY3d 805).

     We disagree with the dissent's conclusion that "there can be no doubt that a motion to dismiss counts one and two on duplicity grounds would have been successful and resulted in the dismissal of those counts."  To the contrary, the court could have denied the motion and instead given a jury instruction that would have "eliminated any 'danger that the jury convicted defendant of an unindicted act or that different jurors convicted defendant based on different acts' " (*People v Gerstner*, 270 AD2d 837, 838; *see e.g. People v Wise*, 49 AD3d 1198, 1199, *lv denied* 10 NY3d 940, 966; *People v Caballero*, 23 AD3d 1031, 1032, *lv denied* 6 NY3d 846).  Thus, defense counsel was confronted with a tactical determination regarding which course of action was in defendant's best interests, and defendant failed to meet his burden of establishing that defense counsel did not have a strategic or other valid reason for his alleged deficiency.  Furthermore, where, as here, the defendant challenges defense counsel's failure, inter alia, to make a motion, "prudence dictates that the issue of ineffective assistance of counsel be raised in a posttrial application . . . where 'a thorough evaluation of each claim based on a complete record' can be made" (*People v Zeh*, 289 AD2d 692, 695, quoting *Rivera*, 71 NY2d at 709; *see People v Marcial*, 41 AD3d 1308, 1309, *lv denied* 9 NY3d 878).  "We further conclude on the record before us that the cumulative effect of defense counsel's alleged deficiencies, viewed in totality and as of the time of the representation, did not deprive defendant of effective assistance of counsel" (*Marcial*, 41 AD3d at 1309; *see generally People v Satterfield*, 66 NY2d 796, 798-799; *People v Baldi*, 54 NY2d 137, 147).

     The sentence is not unduly harsh or severe.  We have considered the remaining contentions of defendant in his main and pro se supplemental briefs and conclude that they are without merit.

     All concur except CARNI and LINDLEY, JJ., who dissent in part and vote to modify in accordance with the following Memorandum:  We respectfully disagree with the conclusion of our colleagues that we should not review defendant's duplicity contention as a matter of discretion in the interest of justice.  Inasmuch as defense counsel failed to move to dismiss the first and second counts of the indictment on duplicity grounds, we also disagree with the majority's conclusion that defendant received effective assistance of counsel.

We therefore dissent in part.

Defendant contends that count one of the indictment, charging him with predatory sexual assault against a child (Penal Law § 130.96), was rendered duplicitous by the evidence at trial. That count alleges underlying conduct constituting criminal sexual act in the first degree (§ 130.50 [4]). Because the People charged defendant with predatory sexual assault of a child based on a single-act theory, the rule prohibiting duplicity applies (*see People v Keindl*, 68 NY2d 410, 420-421, *rearg denied* 69 NY2d 823). Although count one is not duplicitous on its face inasmuch as it alleges a single act (*see* CPL 200.50 [3]-[7]; *Keindl*, 68 NY2d at 417-418), that count was rendered duplicitous by the testimony of the victim tending to establish the commission of multiple criminal acts during the period of time specified in count one (*see People v Bracewell*, 34 AD3d 1197, 1198; *People v Dalton*, 27 AD3d 779, 781, *lv denied* 7 NY3d 754, 811; *People v Jelinek*, 224 AD2d 717, 718, *lv denied* 88 NY2d 880, *cert denied* 519 US 900). Based on that evidence, "it is impossible to verify that each member of the jury convicted defendant for the same criminal act" (*Dalton*, 27 AD3d at 781). Thus, because count one was rendered duplicitous as a matter of well-settled law but defense counsel failed to move to dismiss that count, the question becomes whether this Court should exercise its discretion to review defendant's contention in the interest of justice (*see* CPL 470.15 [6] [a]).

The duplicity principle is designed to protect the accused against successive prosecutions in violation of the Double Jeopardy Clauses of the U.S. and N.Y. Constitutions (*see generally People v First Meridian Planning Corp.*, 86 NY2d 608, 615). "State and Federal constitutional prohibitions against double jeopardy are deemed so fundamental that they are preserved despite the failure to raise them at the trial level" (*People v Michallow*, 201 AD2d 915, 916, *lv denied* 83 NY2d 874). The prohibition against duplicity contained in CPL 200.30 [1] is essential because it "furthers not only the functions of notice to a defendant and of assurance against double jeopardy, but [it] also ensures the reliability of the unanimous verdict" (*Keindl*, 68 NY2d at 418). We recognize that this case does not present a double jeopardy problem per se. Nonetheless, the fundamental and compelling reasons behind the duplicity principle present interest of justice and constitutional concerns that warrant our review (*see People v Jones*, 165 AD3d 103, 109, *lv denied* 77 NY2d 962). Those reasons transcend the nature of any particular crime or the individual characteristics of any particular defendant. Indeed, they are fundamental to our principles of justice. In light of the indisputable merit in defendant's duplicity contention, we conclude that it should be reached—as this Court and others have previously done under similar circumstances (*see People v Bennett*, 52 AD3d 1185, 1186, *lv denied* 11 NY3d 734; *Bracewell*, 34 AD3d at 1198; *see also Jones*, 165 AD2d at 109).

Although defendant limited his duplicity contention to count one of the indictment, it is readily apparent that count two of the indictment, charging defendant with the single-act crime of sexual abuse in the first degree (Penal Law § 130.65 [3]), was also rendered

duplicitous by the trial evidence.

Defendant contends in his pro se supplemental brief that he was denied effective assistance of counsel based upon, inter alia, defense counsel's failure to move to dismiss the first count of the indictment as duplicitous. "A single error may qualify as ineffective assistance, but only when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (*People v Caban*, 5 NY3d 143, 152; *see People v Hobot*, 84 NY2d 1021, 1022; *People v Flores*, 84 NY2d 184, 188-189). To establish ineffective assistance of counsel, a defendant must "demonstrate the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient performance (*People v Rivera*, 71 NY2d 705, 709). Here, there can be no doubt that a motion to dismiss counts one and two on duplicity grounds would have been successful and resulted in the dismissal of those counts. We find no legitimate strategic or tactical explanation for defense counsel's failure to move to dismiss the two most serious counts of the indictment and instead expose defendant to conviction and possible further subsequent prosecution on one or more of the unspecified criminal sexual acts, as well as the risk of a less than unanimous jury verdict on each of the two duplicitous counts. While the majority concludes that a post-trial application and a " 'complete record' " is necessary for a thorough evaluation of defendant's contention concerning ineffective assistance of counsel, we see no need for such process inasmuch as the trial evidence rendered counts one and two patently duplicitous and thus provided a "clear-cut and completely dispositive" basis for their dismissal (*People v Turner*, 5 NY3d 476, 481). We therefore conclude that, with respect to counts one and two, defendant was denied the right to effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

We would therefore modify the judgment as a matter of discretion in the interest of justice and on the law by reversing those parts convicting defendant of predatory sexual assault against a child under count one of the indictment and sexual abuse in the first degree under count two of the indictment and dismissing those counts of the indictment without prejudice to the People to re-present any appropriate charges under those counts of the indictment to another grand jury.

Entered:  March 25, 2011                          Patricia L. Morgan
                                                  Clerk of the Court