People v DeFelice (2018 NY Slip Op 05781)





People v DeFelice


2018 NY Slip Op 05781


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2013-10722
 (Ind. No. 2597/10)

[*1]The People of the State of New York, respondent,
v
Joseph DeFelice, appellant.


Carol E. Castillo, E. Setauket, NY (Judah Serfaty of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered November 14, 2013, convicting him of murder in the second degree, criminal facilitation in the second degree, and hindering prosecution in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the matter is remitted to the County Court, Suffolk County, for a reconstruction hearing in accordance herewith and thereafter a report to this Court with all convenient speed, and the appeal is held in abeyance in the interim.
The defendant was charged, among other things, with acting in concert with a codefendant to commit murder in the second degree in connection with the death of the defendant's girlfriend. After a jury trial, the defendant was convicted of murder in the second degree, as well as criminal facilitation in the second degree and hindering prosecution in the first degree.
During the course of the trial, defense counsel informed the trial court that, according to the notes of an investigating police detective, the police had interviewed witnesses to whom the codefendant had made statements regarding his involvement in the shooting of the defendant's girlfriend. Defense counsel requested to be given the material reflecting those statements, arguing that it constituted Brady material (see Brady v Maryland , 373 US 83). Alternatively, defense counsel requested that the court review the material to determine whether it should be disclosed under Brady . The trial court agreed to review the material in camera. No material was ultimately disclosed to the defendant.
On appeal, the defendant argues that the failure to disclose the requested material constituted a Brady violation. The People were unable to provide to this Court any material they provided to the trial court for in camera review. They indicate that they have no record in their files of what material may have been submitted to the trial court. The People assert that, nevertheless, the defendant's Brady claim is based on matter dehors the record, and thus cannot be reviewed on direct appeal. However, to the extent that material was produced to the trial court for in camera review, it is properly part of the record, and the defendant's Brady claim would thus be reviewable on direct appeal. Under these circumstances, we deem it appropriate to remit the matter for a hearing [*2]to reconstruct the record as to what, if any, material was provided to the trial court for in camera review (see People v Yavru-Sakuk , 98 NY2d 56, 60-62), and thereafter to report to this Court with all convenient speed. The appeal is held in abeyance in the interim, and we do not decide any other issues at this time.
SCHEINKMAN, P.J., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court