■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS M. LEVANDOWSKI, Appellant. [780 NYS2d 394]—

Crew III, J. Appeals (1) from a judgment of the Supreme Court (Ceresia, Jr., J.), rendered October 31, 2002 in Rensselaer County, upon a verdict convicting defendant of the crimes of course of sexual conduct against a child in the first degree (two counts), rape in the first degree (16 counts), rape in the second degree (16 counts), endangering the welfare of a child and criminal contempt in the second degree (four counts), and (2) by permission, from an order of said court, entered October 28, 2003 in Rensselaer County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was indicted and charged in a 44-count indictment with rape, course of sexual conduct against a child, endangering the welfare of a child and criminal contempt, all arising out of defendant's continued sexual contact with his infant daughter over a six-year period. Defendant moved to dismiss the indictment for various reasons, as a result of which Supreme Court dismissed counts 15, 16, 37, 38 and 44 thereof. Thereafter, defendant was convicted on the remaining counts of the indictment and sentenced to an aggregate term of 50 years' imprisonment. Defendant subsequently moved to vacate his conviction, which motion was denied. Defendant now appeals from his judgment of conviction and the denial of his motion to vacate that conviction.

Initially, defendant contends that Supreme Court erred in failing to dismiss the indictment for duplicitousness. As to those counts charging defendant with rape, except counts 7, 8, 35 and 36, we agree. It is axiomatic that each count of an indictment may charge but one offense (*see* CPL 200.30 [1]; *People v Keindl*, 68 NY2d 410, 417-418 [1986]), and "where one count alleges the commission of a particular offense occurring repeatedly during a designated period of time, that count encompasses more than one offense and is duplicitous" (*People v Keindl, supra* at 417-418). While the counts of the indictment in question here are not facially duplicitous, an examination of the grand jury testimony that formed their bases reveals otherwise (*see People v Corrado*, 161 AD2d 658, 659 [1990]). In each instance, save counts 7, 8, 35 and 36, the victim testified that, during a specified time period, she was raped "at least once." By using such language, the counts in question clearly are duplicitous and

must be dismissed with leave to the People, if so advised, to resubmit the charges to another grand jury (*see People v Tolle*, 144 AD2d 963, 964 [1988], *lv denied* 73 NY2d 927 [1989]).

Defendant next contends that Supreme Court erred in failing to dismiss the indictment on the grounds that the integrity of the grand jury proceeding was impaired by prosecutorial misconduct and the evidence was legally insufficient. While there can be no doubt that the prosecutor made numerous errors during the grand jury presentation, we do not believe that they rose to the level necessary to find that the proceeding was legally impaired or that there was a possibility that defendant was prejudiced thereby (*see People v Huston*, 88 NY2d 400, 409 [1996]). Finally, our review of the record reveals that there was legally sufficient evidence to support the counts charged in the indictment, except those previously dismissed by Supreme Court.

Of the various remaining arguments raised by defendant, only one necessitates extended comment. Defendant contends that the prosecutor's misconduct during the course of the trial was so pervasive as to deprive defendant of a fair trial. We agree and, for that reason, reverse and order a new trial.

Prior to trial, defense counsel made a motion in limine seeking to prevent evidence of prior consistent statements of the victim to bolster her in-court testimony (*see People v McDaniel*, 81 NY2d 10 [1993]), which motion was granted. Nevertheless, the prosecutor, on three different occasions, sought to elicit just such testimony over the objection of defense counsel, which objections were sustained.

During cross-examination of the victim's mother, a key defense witness, she testified that she never told her daughter to lie about anything, to which the prosecutor responded, "the grand jury thought otherwise, didn't they?" Supreme Court sustained counsel's objection and, in the absence of the jury, severely reprimanded the prosecutor for pursuing such a line of questioning. Then, during the course of summation, the prosecutor, again referring to the victim's mother, referenced her taking the stand and gazing lovingly across the courtroom towards defendant and exclaimed sarcastically, "It looked like they were a couple of newlyweds. I wanted to puke." In both of the foregoing situations, it is clear that the prosecutor was improperly impuning the credibility of the witness and, with regard to the latter, was expressing a personal opinion concerning the mother's credibility, which is patently improper (*see e.g. People v Russell*, 307 AD2d 385, 386 [2003]).

During summation, the prosecutor improperly stated that de-

fendant had failed to prove the victim's motive to lie, thereby suggesting that defendant bore the burden of proof in that regard. Counsel objected and Supreme Court pointedly instructed the jury that defendant bore no burden to prove anything in the case. Also, during summation, the victim, her friends and, apparently, members of the prosecutor's staff sat together in the courtroom wearing ribbons of support and, upon objection of defense counsel, were directed to remove them. Wearing the ribbons in the presence of the jury clearly was meant to convey support for the victim, belief in her version of events and, by implication, disbelief in defendant's. Such conduct, to the extent that it may have influenced the jury, clearly impaired defendant's right to a fair trial (see *Matter of Montgomery v Muller*, 176 AD2d 29, 32 [1992], *lv denied* 80 NY2d 751 [1992]).

Finally, during summation the prosecutor commented on an unflattering remark made by the victim regarding defense counsel stating, "she called [counsel] a bastard under her breath. I don't know if you heard that, but she was going after him." First, there is no record evidence of the victim having made such a remark. Second, if made, the comment was wholly irrelevant to the issues and reference to it was denigrating or disparaging of counsel and, by extension, of defendant.

While it is true that, in almost all instances, the noted errors were subject to objections, which were sustained by Supreme Court, and, in certain instances, curative instructions were given, we need note only that such rulings and instructions cannot always assure elimination of the harm caused (see *People v Calabria*, 94 NY2d 519, 523 [2000]). To be sure, each of the cited instances of misconduct, standing alone, might not justify reversal, but given the fact that defendant's credibility was central to his defense, physical evidence of criminality was lacking and the People's expert testimony was of questionable value, the cumulative effect of such conduct clearly prejudiced defendant's right to a fair trial, and we therefore are constrained to order a new trial. Given our conclusion, it is unnecessary to consider the efficacy of Supreme Court's denial of defendant's motion to vacate the conviction.

Mercure, Peters and Kane, JJ., concur; Cardona, P.J., not taking part. Ordered that the judgment and order are reversed, on the law, dismiss counts 3 through 6, 9 through 12, 17, 18 and 21 through 34 with leave to the People to resubmit the charges to another grand jury, and matter remitted to the Supreme Court for a new trial on the remaining counts of the indictment.