■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATHY A. DALTON, Appellant. [811 NYS2d 153]—

Kane, J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered April 30, 2004, upon a verdict convicting defendant of the crimes of course of sexual conduct against a child (three counts), rape in the first degree (three counts), use of a child in a sexual performance (three counts), incest (four counts), criminal solicitation in the third degree (three counts) and endangering the welfare of a child (three counts).

Defendant's three children, a daughter (born in 1990) and two sons (born in 1988 and 1989), informed caseworkers from the Department of Social Services that they were physically abused and neglected. The children also related that defendant forced them to engage in sexual intercourse with each other, as a form of punishment, while she watched. The grand jury charged defendant in a 19-count indictment based on these sexual abuse allegations. Her husband was also separately charged and, in exchange for a reduced prison sentence, pleaded guilty to raping the daughter. Part of his plea agreement required him to testify truthfully that defendant forced the children to have sexual relations. At defendant's trial, the husband recanted his prior statements and testified that defendant did not force the children to have sex. Despite the husband's testimony, the jury convicted defendant of three counts each of course of sexual conduct against a child, rape in the first degree, use of a child in a sexual performance, criminal solicitation in the third degree and endangering the welfare of a child, and four counts of incest. Following County Court's imposition of the maximum sentence for each count, defendant appeals.

Based on the statutory exemption to criminal solicitation, the three counts charging that crime should have been dismissed. Under Penal Law § 100.20, a defendant "is not guilty of criminal solicitation when [her] solicitation constitutes conduct of a kind that is necessarily incidental to the commission of the crime solicited." In such cases, the defendant can be found guilty only of the separate crime he or she solicited and not of the act of solicitation itself (see Penal Law § 100.20). Here, defendant was charged with soliciting each of the children to engage in the crime of incest. As the children only engaged in sexual activity with their siblings as a result of defendant's threats, her solicitation was necessarily incidental to the commission of the crimes of incest. Thus, under the exemption for solicitation, defendant can only be charged with the separate crimes of incest, not with solicitation itself (see People v Allen, 92 NY2d 378, 382-384 [1998]).

Defendant correctly argues that several counts of the indictment were duplicitous, an argument she properly preserved by moving to dismiss the indictment for failing to comply with CPL 200.50. "A duplicitous count is one that impermissibly charges more than one crime" (*People v Thomson*, 13 AD3d 805, 806 [2004], *lv denied* 4 NY3d 836 [2005] [citation omitted]; *see* CPL 200.30 [1]). Even if a count facially charges one criminal act, that count is duplicitous if the evidence makes plain that multiple criminal acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict (*see People v Raymo*, 19 AD3d 727, 729 [2005], *lv denied* 5 NY3d 793 [2005]; *People v Levandowski*, 8 AD3d 898, 899-900 [2004]). This rule does not apply to continuing crimes, such as course of sexual conduct against a child and endangering the welfare of a child, which by their nature occur over a period of time (*see People v Dunavin*, 173 AD2d 1032, 1033 [1991], *lv denied* 78 NY2d 965 [1991]; *cf. People v First Meridian Planning Corp.*, 86 NY2d 608, 615-616 [1995]). On the other hand, "[m]ultiple rapes of the same victim are not a continuing offense. Each act of intercourse is a separate and distinct offense" (*People v Jiminez*, 239 AD2d 360, 360 [1997], *lv denied* 90 NY2d 906 [1997] [citations omitted]; *see People v Faux*, 99 AD2d 654, 655 [1984], *lv denied* 62 NY2d 649 [1984]; *People v Pries*, 81 AD2d 1039, 1039-1040 [1981]; *but see People v Barlow*, 88 AD2d 668, 668 [1982]).

Here, the indictment charged defendant with one count of rape against each child for a period of over two years and four counts of incest during the same time period, yet the children testified that defendant subjected the daughter to forced sexual intercourse with her brothers once or twice per week for almost five years. Considering this testimony, it is impossible to verify that each member of the jury convicted defendant for the same criminal act, rather than any one of 500 separate sexual acts, rendering several of the counts duplicitous (*see People v Levandowski, supra* at 899; *People v Foote*, 251 AD2d 346, 346 [1998]; *compare People v Farbman*, 231 AD2d 588, 589 [1996], *lv denied* 89 NY2d 863 [1996]; *People v Cosby*, 222 AD2d 690, 691 [1995]). Thus, the counts charging rape, incest, criminal solicitation and use of a child in a sexual performance must be dismissed as duplicitous, with leave to the People to resubmit nonduplicitous charges to another grand jury if they so choose (*see People v Levandowski, supra* at 900).

County Court appropriately denied defendant's request to dismiss one juror for cause because she said she may cry during testimony. As she never indicated any preconceived notion of

defendant's guilt or that she was unable to render an impartial verdict, and the questioning focused more on whether her crying would disrupt the proceedings, the court was not required to make further inquiry (*see* CPL 270.20 [1] [b]; *People v Hagenbuch*, 267 AD2d 948, 948 [1999], *lv denied* 95 NY2d 797 [2000]; *People v Zurak*, 168 AD2d 196, 200 [1991], *lv denied* 79 NY2d 834 [1991], *cert denied* 504 US 941 [1992]; *compare People v McLean*, 24 AD3d 1110, 1111 [2005]; *People v Heath*, 24 AD3d 876, 877 [2005]; *People v Russell*, 16 AD3d 776, 777 [2005], *lv denied* 5 NY3d 809 [2005]).

County Court did not err in denying defense counsel access to records of the children's psychological counseling. The records from two independent counseling agencies were not required to be turned over under *Brady*, *Rosario* or CPL 240.45 because those materials were not in the prosecution's possession or control (*see People v Santorelli*, 95 NY2d 412, 422 [2000]; *People v Bowers*, 4 AD3d 558, 559-560 [2004], *lv denied* 2 NY3d 796 [2004]; *People v Hawes*, 298 AD2d 706, 708 [2002], *lv denied* 99 NY2d 582 [2003]). Those records were also confidential and the exception to such privilege only states that a certified social worker "may" be required to testify regarding statements made by a child victim (CPLR 4508 [a] [3]). We give deference to the court's determination, after an in camera review of at least some of the records, that they were not material and relevant to defendant's case (*see People v Arredondo*, 226 AD2d 322, 322 [1996], *lv denied* 88 NY2d 964 [1996]). In any event, the court permitted defendant to question a Department caseworker regarding inconsistent statements made by the children and the caseworker's notes were admitted into evidence (*cf. People v Higgins*, 12 AD3d 775, 777 [2004], *lv denied* 4 NY3d 764 [2005]). Under the circumstances, we find no error in the court's decision to retain the confidentiality of the children's counseling records (*compare People v Lussier*, 205 AD2d 910, 911 [1994], *lv denied* 83 NY2d 1005 [1994], *cert denied* 513 US 1078 [1995]).

The prosecutor properly impeached defendant's husband with his prior signed statement to police and his statements made under oath at his plea allocution, after he testified, inconsistently with those prior sworn statements, that defendant did not commit the crimes in this indictment (*see* CPL 60.35 [1]). County Court instructed the jury as to the proper use of such impeachment evidence several times (*see* CPL 60.35 [2]). While the prosecutor improperly impeached the husband with statements he made to the prosecutor and an investigator during trial preparation, such error is harmless because the statements were substantively the same as the husband's signed written

statement and allocution, which were properly used (*see People v Colon*, 307 AD2d 378, 381 [2003], *lv denied* 100 NY2d 619 [2003]; *People v Shuler*, 238 AD2d 528, 529 [1997], *lv denied* 90 NY2d 910 [1997]). As defendant did not request redaction of the husband's allocution transcript, the court did not err by admitting the entire document as offered. Defendant did not object to any allegedly improper comments by the prosecutor during summations, rendering such comments unpreserved for our review (*see People v Lamont*, 21 AD3d 1129, 1131 [2005]).

County Court correctly declined to charge the jury that the children were accomplices whose testimony needed corroboration. While accomplice testimony must be corroborated to convict a defendant (*see* CPL 60.22 [1]), children who participate in the crime must do so with the required mental state to be considered accomplices (*see* CPL 60.22 [3]; *see also People v Wheatman*, 31 NY2d 12, 22 [1972], *cert denied* 409 US 1027 [1972]). Here, the prosecution's theory was that the children participated in sexual acts at defendant's direction and under duress. Defendant's theory was that the children engaged in sexual conduct on their own and then blamed her in order to avoid returning to her abusive home and facing juvenile delinquency proceedings. If the children acted on their own, they did not act in concert with defendant; if they acted under duress, they did not intend to commit the crimes. Thus, under either theory, the children were not defendant's accomplices and no accomplice charge was necessary (*compare People v Adams*, 307 AD2d 475, 477-478 [2003], *lv denied* 1 NY3d 566 [2003]).

Defendant argues that her sentence was harsh and excessive. After our dismissal of the charges noted above, she is left with three consecutive 25-year sentences under the convictions for course of sexual conduct against a child and, for the endangering the welfare of a child convictions, three one-year sentences to run concurrently to the other sentences. Based on defendant's abuse of her parental power and the nature of her actions in forcing her own children to repeatedly engage in incestuous sexual acts over the course of several years, imposition of the maximum sentence was warranted (*see People v Greene*, 13 AD3d 991, 993-994 [2004], *lv denied* 5 NY3d 789 [2005]). Defendant's remaining arguments have been reviewed and found unpersuasive.

Mercure, J.P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crimes of rape in the first degree under counts 4, 5 and 6 of the indictment, use of a child in a sexual performance under counts 7, 8 and 9 of

the indictment, incest under counts 10, 11, 12 and 13 of the indictment, and criminal solicitation in the third degree under counts 14, 15 and 16 of the indictment; dismiss said counts with leave to the People to re-present any appropriate related charges to another grand jury and vacate the sentences imposed thereon; and, as so modified, affirmed.