■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM I. CRAMPTON, Appellant. [845 NYS2d 877]—

Mercure, J. Appeal from a judgment of the County Court of

Broome County (Mathews, J.), rendered July 10, 2006, convicting defendant following a nonjury trial of the crime of criminal sale of a controlled substance in the fourth degree and the violation of unlawful possession of marihuana.

Defendant was charged in an indictment with criminal sale of a controlled substance in the fourth degree and unlawful possession of marihuana after an incident in which he offered to sell Vicodin, a narcotic preparation (*see* Penal Law § 220.00 [8]), to an undercover officer in the City of Binghamton, Broome County. When police officers thereafter approached defendant and asked if he had any illegal contraband, defendant produced a prescription bottle of Vicodin, displayed a bandage on his back, and explained that he had recently undergone back surgery. Defendant consented to a search of his person, which revealed a concealed bag of marihuana in his pants.

Following a bench trial, defendant was convicted as charged. County Court then sentenced him, as a second felony offender, to a prison term of 2 1/2 years. Defendant appeals and we now affirm.

We reject defendant's argument that his conviction of criminal sale of a controlled substance in the fourth degree is not supported by legally sufficient evidence and is against the weight of the evidence. It is well settled that "[a] conviction for criminal sale does not require that an actual sale be consummated; under Penal Law § 220.00 (1), a 'sale' includes an offer to sell or exchange drugs" (*People v Mike*, 92 NY2d 996, 998 [1998]; *see People v Samuels*, 99 NY2d 20, 24 [2002]). Not every casual offer, however, is criminal. Rather, "in order to support a conviction under an offering for sale theory, there must be evidence of a bona fide offer to sell—i.e., that defendant had both the intent and the ability to proceed with the sale" (*People v Mike*, 92 NY2d at 998; *see People v Samuels*, 99 NY2d at 24; *People v Gomcin*, 265 AD2d 493, 495 [1999], *affd* 8 NY3d 899 [2007]).

Here, the undercover officer testified that defendant approached him on the street. After some initial conversation about where crack cocaine could be purchased, defendant stated to the officer, "I got Vicodin if you want. I am selling it for $2 a pill if you want any of those." The context of that statement, which was made on a dark street corner after a conversation centered on the purchase of drugs, further supports an inference that defendant had the intent to consummate a sale (*see People v Samuels*, 99 NY2d at 24; *cf. People v Gomcin*, 265 AD2d at 495). Finally, the arresting officers found Vicodin in defendant's possession when he was stopped shortly thereafter, evincing defendant's ability to complete the sale (*see People v Mc-*

*Grath*, 115 AD2d 128, 129 [1985], *lv denied* 67 NY2d 654 [1986]; *see also People v Samuels*, 99 NY2d at 24). Viewing the evidence in the light most favorable to the People, there was a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by [County Court] on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]). Moreover, after considering the evidence in a neutral light and " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*id.* at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]), we cannot say that the court failed to give the evidence the weight it should have been accorded.

We further reject defendant's argument that the first count of the indictment, charging defendant with criminal sale of a controlled substance in the fourth degree, was duplicitous. As defendant asserts, "where one count [of an indictment] alleges the commission of a particular offense occurring repeatedly during a designated period of time, that count encompasses more than one offense and is duplicitous" (*People v Keindl*, 68 NY2d 410, 417-418 [1986]). Moreover, "[e]ven if a count facially charges one criminal act, that count is duplicitous if the evidence makes plain that multiple criminal acts occurred during the relevant time period, rendering it . . . impossible to determine the particular act upon which the jury reached its verdict" (*People v Dalton*, 27 AD3d 779, 781 [2006], *lvs denied* 7 NY3d 754, 811 [2006]; *see People v Levandowski*, 8 AD3d 898, 899-900 [2004]). A review of the undercover officer's testimony here, however, reveals that while defendant told the undercover officer that he was selling Vicodin for $2 a pill several times over the course of a couple of minutes, his statements were not independent, discrete offers constituting separate acts. Rather, the statements were part of a continuous course of conduct over a brief period of time meant to convince the undercover officer to reconsider his initial refusal to purchase the drug. As such, "the charged conduct was . . . the product of one 'impulse', permitting only one prosecution" and the People were not required to charge multiple offers (*People v Okafore*, 72 NY2d 81, 87 [1988]; *see People v Matarese*, 57 AD2d 765 [1977]; *cf. People v Dathan*, 27 AD3d 575, 575-576 [2006], *lv denied* 7 NY3d 787 [2006]).

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.