(August 27, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BLACK, Appellant. [884 NYS2d 292]—

Malone Jr., J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 2, 2005, upon a verdict convicting defendant of the crimes of rape in the second degree (eight counts), endangering the welfare of a child (12 counts) and sexual abuse in the third degree (four counts).

Defendant was charged in a 36-count indictment with multiple counts of rape in the first degree, rape in the second degree, sexual abuse in the first degree, sexual abuse in the third degree and endangering the welfare of a child, based upon his alleged sexual abuse of his girlfriend's stepgranddaughter (born in 1989). Defendant and his girlfriend resided in the same trailer park where the victim frequently visited her stepgrandmother during the fall of 2003. The victim testified that defendant engaged in sexual intercourse with her eight times between September 2003 and January 2004. Defendant also allegedly engaged in several additional instances of sexual contact with her during that time period. Following a jury trial, defendant was acquitted of the charges involving forcible compulsion—rape in the first degree and sexual abuse in the first degree—but was convicted of those counts alleging rape in the second degree (eight counts), sexual abuse in the third degree (four counts) and endangering the welfare of a child (12 counts). County Court imposed prison terms of $2^{1}/_{3}$ to 7 years

for each conviction of rape in the second degree, one year for each conviction of endangering the welfare of a child and 90 days for each conviction of sexual abuse in the third degree, and ordered the sentences to "run consecutively with each other to the full extent allowed by law." Defendant appeals.

Initially, inasmuch as defendant failed to move for a trial order of dismissal specifically identifying any deficiency in the proof, his challenges to the legal sufficiency of the evidence to support his convictions of rape in the second degree and sexual abuse in the third degree are not properly preserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Young*, 51 AD3d 1055, 1056 [2008], *lv denied* 11 NY3d 796 [2008]; *People v Hilliard*, 49 AD3d 910, 912 [2008], *lv denied* 10 NY3d 959 [2008]) and, in any event, are without merit.

We agree, however, with defendant's contention that several counts of the indictment were duplicitous and that County Court erred in denying defendant's motion to dismiss them. A count in an indictment is duplicitous and, therefore, defective where it charges more than one crime (*see* CPL 200.30 [1]; *People v Keindl*, 68 NY2d 410, 417-418 [1986]; *People v Dalton*, 27 AD3d 779, 781 [2006], *lvs denied* 7 NY3d 754, 811 [2006]). Where a crime is completed by a discrete act, and where a count in the indictment is based on the repeated occurrence of that act over a course of time, the count includes more than a single offense and is duplicitous (*see People v Keindl*, 68 NY2d at 417-418; *People v Crampton*, 45 AD3d 1180, 1182 [2007], *lv denied* 10 NY3d 861 [2008]). Even if a count is valid on its face, it is nonetheless duplicitous where the evidence presented to the grand jury or at trial "makes plain that multiple criminal acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict" (*People v Dalton*, 27 AD3d at 781; *see People v White*, 41 AD3d 1036, 1037-1038 [2007], *lv denied* 9 NY3d 965 [2007]; *People v Bracewell*, 34 AD3d 1197, 1198-1199 [2006]).

Here, four of the eight convictions of rape in the second degree were rendered duplicitous by the victim's testimony both before the grand jury and at trial. Counts 11 and 14 both alleged that defendant had engaged in sexual intercourse with the victim between September 1, 2003 and December 31, 2003. However, the testimony revealed that all but one of the instances of sexual intercourse occurred during that time frame; thus, it is impossible to match specific acts with specific counts of the indictment (*see People v Dalton*, 27 AD3d at 781). Likewise, counts 17 and 20 both alleged that defendant had engaged in sexual intercourse with the victim over the course of a single week in December

2003. Again, however, there is no way to match defendant's alleged acts with specific counts of the indictment. Therefore, County Court should have dismissed those four counts. "Where, despite a validly drafted indictment, the [grand jury or] trial testimony provides evidence of repeated acts that cannot be individually related to specific counts in the indictment, the prohibition against duplicitousness has been violated" (*People v Jones*, 165 AD2d 103, 108-109 [1991], *lv denied* 77 NY2d 962 [1991] [citations omitted]). Moreover, the problem is compounded where, as here, "the court did not link the testimony of vaginal intercourse sequentially or otherwise to the different counts of the indictment" when instructing the jury (*People v Foote*, 251 AD2d 346 [1998]; *see People v Jones*, 251 AD2d 350 [1998], *lv denied* 92 NY2d 900 [1998]). Nor did the court instruct the jury that it must arrive at a unanimous verdict with respect to each alleged act, and that it may not use any single act of sexual intercourse to support a guilty verdict on more than one count (*see People v First Meridian Planning Corp.*, 86 NY2d 608, 616 [1995]; *People v Foreman*, 168 AD2d 928, 929 [1990], *lv denied* 77 NY2d 994 [1991]).

For the same reasons, counts 12, 15, 18 and 21, which charged defendant with endangering the welfare of a child, should be dismissed as they were duplicitous as well. Endangering the welfare of a child may be committed either by a single act or through a course of conduct (*see People v Keindl*, 68 NY2d at 421; *People v Scanlon*, 52 AD3d 1035, 1037 [2008], *lv denied* 11 NY3d 741 [2008]; *People v Manon*, 226 AD2d 774, 776 [1996], *lv denied* 88 NY2d 1022 [1996]). Here, counts 12, 15, 18 and 21 each charged that crime on the basis of a single act. However, like each of the counts discussed above, the victim's testimony made it impossible to correlate specific acts with specific counts, thereby rendering them duplicitous.

The duplicity problem is even more striking with respect to counts 26, 29, 32 and 35, which charged defendant with sexual abuse in the third degree. Those counts were each split into one-month time frames relating to conduct that was alleged to have occurred during September 2003, October 2003, November 2003 and December 2003. However, with respect to each time frame, the victim testified that the abuse occurred "at least once." Because sexual abuse in the third degree is not a continuing offense but, rather, is complete upon the commission of a discrete act (*see People v Keindl*, 68 NY2d at 420-421), those counts were rendered duplicitous by the victim's testimony and also should have been dismissed by County Court (*see People v Levandowski*, 8 AD3d 898, 899-900 [2004]; *People v Jelinek*, 224

AD2d 717, 717-718 [1996], *lv denied* 88 NY2d 880 [1996], *cert denied* 519 US 900 [1996]).

Next, counts 27, 30, 33 and 36 charged defendant with endangering the welfare of a child based on continuing conduct; therefore, they were not duplicitous despite testimony of repeated occurrences of such conduct during the relevant time periods (*see People v Keindl*, 68 NY2d at 421). Nonetheless, the counts were multiplicitous because the evidence revealed that there was no interruption in the course of conduct such that numerous counts could be alleged (*see People v Moore*, 59 AD3d 809, 810-811 [2009]; *People v Quinones*, 8 AD3d 589, 589-590 [2004], *lv denied* 3 NY3d 710 [2004]). Like the counts charging sexual abuse in the third degree discussed above, these counts were based on conduct alleged to have occurred in September 2003, October 2003, November 2003 and December 2003. The People merely divided defendant's course of conduct into arbitrary one-month time frames and charged one count of endangering the welfare of a child for each month. Accordingly, the repetitive counts—30, 33 and 36—should have been dismissed (*compare People v Thompson*, 34 AD3d 931, 932 [2006], *lv denied* 7 NY3d 929 [2006]).

We, on the other hand, are unpersuaded by defendant's assertion that he did not receive the effective assistance of counsel at trial. "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation," defendant's constitutional right to the effective assistance of counsel will have been met (*People v Baldi*, 54 NY2d 137, 147 [1981]). Here, among other things, defense counsel articulated a reasonable and coherent theory of the case, made appropriate motions and objections and, most importantly, secured an acquittal on the top counts of the indictment, i.e., those alleging forcible compulsion. Thus, the record as a whole reveals that defendant received meaningful representation by trial counsel (*see People v Thompkins*, 58 AD3d 1068, 1069 [2009], *lv denied* 12 NY3d 822 [2009]; *People v Collins*, 56 AD3d 809, 810 [2008], *lv denied* 11 NY3d 923 [2009]).

We next address defendant's contention with respect to his sentence. Rather than specify "which sentences would run concurrently or consecutively . . . , as it should have done" (*People v Faulkner*, 36 AD3d 951, 953 [2007], *lv denied* 8 NY3d 922 [2007]), County Court imposed the maximum sentences for all convictions, many of which are reversed herein, and ordered that they "run consecutively with each other to the full extent allowed by law." "When more than one sentence of imprison-

ment is imposed on a person for two or more offenses committed through a single act or omission, . . . the sentences . . . must run concurrently" (Penal Law § 70.25 [2]; *see People v Faulkner*, 36 AD3d at 953). Thus, the one-year terms imposed for the convictions of endangering the welfare of a child under counts 3, 6, 9 and 24 of the indictment are required to run concurrently with the sentences for the corresponding convictions of rape in the second degree under counts 2, 5, 8 and 23 of the indictment and, in any event, merge with those sentences (*see* Penal Law § 70.35). The one-year sentence imposed on the conviction of endangering the welfare of a child alleged in count 27 merges with the sentences imposed for the convictions of rape in the second degree as well (*see* Penal Law § 70.35). The aggregate prison term, therefore, is 9⅓ to 28 years (*see* Penal Law § 70.30 [1] [b]).* Given defendant's age, the victim's vulnerability, and the fact that the course of conduct spanned several months, we perceive neither an abuse of discretion nor extraordinary circumstances warranting this Court's intervention (*see People v Shultis*, 61 AD3d 1116, 1118 [2009]).

Finally, none of defendant's challenges to County Court's handling of jury selection are preserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008], *supra*; *People v Perkins*, 62 AD3d 1160, 1162 [2009]). Defendant's remaining arguments have been reviewed and found to be unpersuasive.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, (1) by reversing so much thereof as convicted defendant of the crimes of rape in the second degree under counts 11, 14, 17 and 20 of the indictment, sexual abuse in the third degree under counts 26, 29, 32 and 35 of the indictment, and endangering the welfare of a child under counts 12, 15, 18, 21, 30, 33 and 36 of the indictment, and (2) by directing that defendant's sentences for endangering the welfare of a child under counts 3, 6, 9 and 24 of the indictment shall run concurrently with the sentences for rape in the second degree under counts 2, 5, 8 and 23 of the indictment; counts 11, 12, 14, 15, 17, 18, 20, 21, 26, 29, 30, 32, 33, 35 and 36 dismissed and the sentences imposed thereon

---

* The aggregate sentence reflects the four consecutive terms of 2⅓ to 7 years imposed upon the surviving counts of rape in the second degree together with the five merged one-year sentences imposed upon the surviving misdemeanor counts of endangering the welfare of a child. We further note that rape in the second degree was not classified as a violent felony until after the crimes herein were committed and, therefore, the imposition of determinate sentences is not mandated (*see* L 2007, ch 7, § 32).

vacated, with leave to the People to re-present any appropriate charges to a new grand jury; and, as so modified, affirmed.