People v Madsen (2019 NY Slip Op 00003)





People v Madsen


2019 NY Slip Op 00003


Decided on January 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 3, 2019

108684

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROBERT A. MADSEN, Appellant.

Calendar Date: October 16, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Matthew C. Hug, Albany, for appellant.
Kelli P. McCoski, District Attorney, Fonda (Pamela A. Ladd of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered April 7, 2015, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child (two counts), criminal sexual act in the second degree (10 counts), criminal sexual act in the third degree (14 counts), sexual abuse in the second degree (two counts), sexual abuse in the third degree (three counts) and endangering the welfare of a child (six counts).
Defendant resided on a farm in the Town of St. Johnsville, Montgomery County that he purchased in 2003. In 2005, he sold some of his land to an Amish family with 15 children and, in the same year, he met another Amish family with nine children. Between 2006 and 2013, three boys from the first family and three boys from the second family worked periodically for defendant doing odd jobs around the farm. During that time, defendant subjected all six victims to sexual contact. In January 2014, one of the victims disclosed defendant's conduct towards him to a neighbor. The neighbor advised the State Police. An investigation ensued, during the course of which the other victims made further disclosures regarding defendant's conduct toward them.
Defendant was charged with multiple crimes. Following a jury trial, he was acquitted on three counts and convicted of predatory sexual assault against a child (two counts), criminal sexual act in the second degree (10 counts), criminal sexual act in the third degree (14 counts), sexual abuse in the second degree (two counts), sexual abuse in the third degree (three counts) and endangering the welfare of a child (six counts). County Court sentenced defendant to consecutive prison terms on five counts — 20 years to life for one conviction of predatory sexual assault against a child (count 1), five years each for three convictions of criminal sexual act in the second degree (counts 15, 19 and 32) and three years for one conviction of criminal sexual act in the third degree (count 25) — along with other equal or lesser concurrent terms on the remaining convictions and postrelease supervision. Defendant appeals.
Initially, defendant contends that his convictions were not supported by legally sufficient evidence and were against the weight of the evidence in that the victims' testimony was so vague and conclusory that it did not support a verdict based on anything but speculation. Defendant's legal sufficiency argument is unpreserved, as his trial motion for dismissal argued only that certain counts were duplicitous (see People v Gray, 86 NY2d 10, 19 [1995]; People v Perillo, 144 AD3d 1399, 1400 [2016], lvs denied 29 NY3d 948, 951 [2017])[FN1]. "However, a weight of the evidence challenge, which bears no preservation requirement, also requires consideration of the adequacy of the evidence as to each element of the crimes" (People v Cruz, 131 AD3d 724, 725 [2015], lv denied 26 NY3d 1087 [2015]; accord People v Perillo, 144 AD3d at 1400; see generally People v Danielson, 9 NY3d 342, 349 [2007]).
The People's witnesses included the six victims, State Police investigators, and family members of the victims and of defendant. The victims each testified that they had worked for defendant during one or more summers, and they identified the ages at which defendant had sexual contact with each of them, beginning at age 12 for victim 1 and at ages 13, 14 or 15 for the other victims. They described the manner by which defendant introduced them to sexual contact, such as by expressing interest in the construction of their clothing and asking to investigate the way their pants were fastened. Each victim testified about the forms of sexual contact that defendant then subjected them to, including contact with his hands on the inside and outside of their pants and, for all but victim 6, oral sexual contact, and they described the frequency with which this conduct occurred. The victims also testified that defendant showed them pornographic magazines and videos. They described several locations on the farm where the various sexual acts occurred, including the farmhouse basement, a cabin and a camper stored in a barn. Two of defendant's family members testified as to statements made by defendant to them following his arrest that could reasonably have been interpreted as acknowledgements that the charges against him were true.
Defendant testified on his own behalf. He denied that he had sexual contact with any of the victims when they were underage. He acknowledged that he had done so on a consensual basis with some of the victims after they reached the age of consent, and he asserted that the victims had falsely claimed that sexual contact had occurred when they were underage because they feared repercussions in the Amish community for having engaged in this consensual conduct. On appeal, he argues that there were inconsistencies in the victims' testimony and that the general similarity of their accounts suggests that they were jointly fabricated. These claims, however, were explored at trial and raised credibility issues to be resolved by the jury (see People v St. Ives, 145 AD3d 1185, 1187 [2016], lv denied 29 NY3d 1036 [2017]; People v Simonetta, 94 AD3d 1242, 1244 [2012], lv denied 19 NY3d 1029 [2012]). As for defendant's argument that the time periods specified in the indictment — in most cases, a season such as the summer of a given year — were too imprecise, nothing in the record suggests "that the People were aware of and disregarded a narrower time frame" or "that they failed to make diligent efforts to ascertain the most precise time period" and, considering all of the circumstances, we find that the specified time periods were not unreasonable (People v Garcia, 141 AD3d 861, 863-864 [2016], lv denied 28 NY3d 929 [2016]; see People v Watt, 84 NY2d 948, 951 [1994]). Further, "as his defense was a categorical denial of any abuse or sexual contact" while the victims were underage, defendant was not deprived of the ability to prepare a defense by the absence of more specific time frames (People v Porlier, 55 AD3d 1059, 1060 [2008]; accord People v Garcia, 141 AD3d at 864).
Had the jury credited defendant's testimony rather than that of the victims, a different verdict would not have been unreasonable; thus, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; see People v Desmond, 118 AD3d 1131, 1133 [2014], lv denied 24 NY3d 1002 [2014]). Upon that review, "[w]e accord great deference to the jury's opportunity to view the victims' testimony and assess their credibility, as well as their ability to recall the specific details and time frames of particular sex crimes" (People v Jabaut, 111 AD3d 1140, 1144 [2013], lv denied 22 NY3d 1139 [2014]). We find that the verdict is supported by the weight of the evidence, with the exception of one conviction (see People v Chaneyfield, 157 AD3d 996, 999-1000 [2018], lv denied 31 NY3d 1012 [2018]; People v Lancaster, 143 AD3d 1046, 1047-1049 [2016], lv denied 28 NY3d 1147 [2017]; People v Din, 110 AD3d 1246, 1247-1248 [2013], lv denied 22 NY3d 1137 [2014]).
The one exception arises out of counts 32, 33 and 34 of the indictment, each of which charged defendant with criminal sexual act in the second degree on the ground that he engaged in oral sexual conduct with victim 4 during the summer of 2010. Victim 4 testified that he "[did not] exactly remember" how often defendant had oral sexual contact with him that summer, but he confirmed that it had happened "[m]ore than once" and described two locations on the farm where it had taken place. Lacking any further evidence as to the frequency of the acts, the weight of the evidence does not establish that defendant engaged in oral sexual conduct with victim 4 on more than two occasions. Thus, one of these convictions must be reversed, and we designate count 34 for this purpose (see CPL 470.15 [5]; People v O'Neil, 66 AD3d 1131, 1134-1135 [2009]).
Defendant next claims that certain indictment counts were rendered duplicitous by the victims' testimony [FN2]. An indictment count is duplicitous when it charges more than one crime that is completed by a discrete act in the same count (see People v Keindl, 68 NY2d 410, 417-418 [1986]). "Even if a count is valid on its face, it is nonetheless duplicitous where the evidence presented to the grand jury or at trial 'makes plain that multiple criminal acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict'" (People v Black, 65 AD3d 811, 813 [2009], lv denied 13 NY3d 905 [2009], quoting People v Dalton, 27 AD3d 779, 781 [2006], lv denied 7 NY3d 754 [2006]). Thus, when "the trial testimony provides evidence of repeated acts that cannot be individually related to specific counts in the indictment, the prohibition against duplicitousness has been violated" (People v Jones, 165 AD2d 103, 108-109 [1991], lv denied 77 NY2d 962 [1991]).
Despite the reprehensible nature of the charged crimes, we are constrained to agree that the challenged convictions must be reversed. Although defendant concedes that the challenged counts are facially valid, he contends that they are duplicitous because the indictment contains multiple counts that charge the same crimes against the same victims during the same time periods, and the victims' testimony about defendant's actions during these periods cannot be individually matched to the respective counts. For example, counts 1 and 2 of the indictment used identical language to charge defendant with predatory sexual assault against a child on the ground that he committed the crime of criminal sexual assault in the first degree against victim 1 during the summer of 2006 (see Penal Law §§ 130.50 [4]; 130.96). Victim 1 testified that, during the summer of 2006 when he was 12 years old, defendant put his mouth on victim 1's [*2]penis "[a]t least two times." Likewise, counts 5 and 6 charged defendant with criminal sexual act in the second degree consisting of oral sexual conduct with victim 1 during the summer of 2007, counts 7 and 8 charged defendant with the commission of the same crime during the summer of 2008, counts 9 through 12 charged defendant with the commission of two counts of criminal sexual act in the third degree in each of the summers of 2009 and 2010, and count 13 charged defendant with the commission of sexual abuse in the second degree during the summer of 2006. Victim 1 testified that the charged conduct occurred at least twice during each of the specified time periods. He provided no further specifics about the frequency or timing of any particular act, and the prosecutor did not seek to distinguish among them by, for example, drawing victim 1's attention to the first incident in one of the specified time periods and then asking him to describe that particular event (compare People v Weber, 25 AD3d 919, 922 [2006], lv denied 6 NY3d 839 [2006]). Likewise, the jury was given no instructions that distinguished between the counts pertaining to any of the time periods in a way that would have permitted it to relate each of the counts to a specific act (compare People v Sinha, 84 AD3d 35, 45 [2011], affd 19 NY3d 932 [2012]). Nor was the jury instructed "that it must arrive at a unanimous verdict with respect to each alleged act, and that it may not use any single act of sexual [conduct] to support a guilty verdict on more than one count" (People v Black, 65 AD3d at 814). Thus, in this trial record it is impossible to identify the particular act upon which any of these verdicts was based or "to verify that each member of the jury convicted defendant for the same criminal act" as to each count (People v Dalton, 27 AD3d at 781).
Similarly, counts 25, 26 and 27 of the indictment charged defendant with criminal sexual act in the third degree based upon oral sexual conduct involving victim 2 during the fall of 2009, and victim 2 testified that the acts occurred "between two to five times." Count 28 charged defendant with criminal sexual act in the third degree involving victim 2 during the late spring and early summer of 2010, and count 29 charged defendant with the same crime involving the same victim in the fall of 2010. Victim 2 testified that defendant had sexual contact with him "several times" during the summer and fall of 2010 and that oral sexual conduct occurred three times, without providing specifics about any particular incident. Similar problems affect count 15 charging defendant with criminal sexual act in the second degree involving victim 3; counts 32 and 33 charging criminal sexual act in the second degree,[FN3] counts 35 through 37 charging criminal sexual act in the third degree and count 39 charging sexual abuse in the third degree involving victim 4; and count 41 charging sexual abuse in the third degree involving victim 6 [FN4]. Accordingly, defendant's convictions based upon these counts must be reversed and the counts must be dismissed, with leave to the People to resubmit the charges to a new grand jury if appropriate (see People v Baker, 123 AD3d 1378, 1378-1379 [2014]; People v Black, 65 AD3d at 811-815; People v Levandowski, 8 AD3d 898, 899-900 [2004]).
Defendant's remaining claims are rendered academic by this determination.
Egan Jr., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is modified, on the law and the facts, by reversing defendant's convictions of predatory sexual assault against a child, criminal sexual act in the second degree, criminal sexual act in the third degree, sexual abuse in the second degree and sexual abuse in the third degree under counts 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 25, 26, 27, 28, 29, 32, 33, 34, 35, 36, 37, 39 and 41 of the indictment; said counts dismissed and the [*3]sentences imposed thereon vacated, with leave to the People to re-present any appropriate charges, not including count 34, to a new grand jury; and, as so modified, affirmed.



Footnotes

Footnote 1: Defendant likewise failed to preserve his appellate contention that the evidence supporting his convictions under counts 25, 26 and 27 of the indictment for criminal sexual act in the third degree are legally insufficient because the counts alleged that the sexual conduct occurred in the fall of 2009, and the testimony established that it was, instead, during that summer. As a result, County Court had no opportunity to consider the propriety of amending the challenged counts to conform to the proof (see e.g. People v Glover, 185 AD2d 458, 459-460 [1992]). We note that defendant alleges no prejudice to his ability to prepare a defense, or otherwise, resulting from the discrepancy.

Footnote 2: Contrary to the People's argument, the duplicity contentions are adequately preserved (compare People v Tomlinson, 53 AD3d 798, 798 [2008], lv denied 11 NY3d 835 [2008]; People v Van Ness, 43 AD3d 553, 554 [2007], lv denied 9 NY3d 965 [2007]). In his trial motion for dismissal, defendant's counsel specifically discussed the charges involving victim 1, but further stated that he was doing so as an example. He asserted that the charges were duplicitous "throughout the entire indictment" and that his argument applied to all the indictment counts that were identical to one another for the same victims and time periods.

Footnote 3: Defendant also contends that count 34, charging the same crime against the same victim, is duplicitous but, as we have found that conviction to be against the weight of the evidence, we do not address that claim.

Footnote 4: Defendant does not claim that any of the counts involving victim 5 — counts 19 through 24 — are duplicitous.