People v Holtslander (2020 NY Slip Op 07250)





People v Holtslander


2020 NY Slip Op 07250


Decided on December 3, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 3, 2020

110888

[*1]The People of the State of New York, Respondent,
v
William A. Holtslander, Appellant.

Calendar Date: October 13, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Jackson Bergman, LLP, Binghamton (Michael A. Garzo Jr. of counsel), for appellant.
John M. Muehl, District Attorney, Cooperstown (Michael F. Getman of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Otsego County (Lambert, J.), rendered December 17, 2018, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.
Defendant was charged by indictment with 13 counts of sexual abuse in the first degree for allegedly sexually abusing the victim from October 2014 to October 2015, when she was six to seven years old. Prior to trial, County Court rendered a Molineux ruling that the victim could testify regarding previous, ongoing uncharged sexual conduct by defendant, with a limiting instruction to be given upon introduction of that evidence. Immediately before the trial began, defendant moved to vacate the court's ruling, arguing for the first time that counts 2 through 13 should be dismissed as duplicitous based on the testimony presented to the grand jury.[FN1] The court denied the motion. During trial, defendant twice unsuccessfully renewed his motion to dismiss counts 2 through 13.
Following the jury trial, defendant was convicted as charged. Defendant moved to set aside the verdict based on the legal insufficiency of the evidence and that the trial testimony rendered the charges duplicitous. County Court denied the motion as to count 1, but granted the motion as to the other counts, dismissing them as duplicitous. Thereafter, the court sentenced defendant to a prison term of seven years, followed by 10 years of postrelease supervision. Defendant appeals.
We reverse. The parties agree that County Court properly dismissed counts 2 through 13 as duplicitous,[FN2] but disagree regarding whether the dismissal should have occurred earlier and, if so, the effect of the late dismissal. "A count in an indictment is duplicitous and, therefore, defective where it charges more than one crime" (People v Black, 65 AD3d 811, 813 [2009] [citations omitted], lv denied 13 NY3d 905 [2009]; see also CPL 200.30 [1]; People v Dalton, 27 AD3d 779, 781 [2006], lvs denied 7 NY3d 754, 811 [2006]). "Where a crime is completed by a discrete act, and where a count in the indictment is based on the repeated occurrence of that act over a course of time, the count includes more than a single offense and is duplicitous. Even if a count is valid on its face, it is nonetheless duplicitous where the evidence presented to the grand jury or at trial makes plain that multiple acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict" (People v Black, 65 AD3d at 813 [internal quotation marks and citations omitted]; see People v Raymo, 19 AD3d 727, 729 [2005], lv denied 5 NY3d 793 [2005]; People v Levandowski, 8 AD3d 898, 899-900 [2004]).
Count 1 of the indictment referred to conduct that occurred "on or about" October 17, 2014, whereas counts 2 through 13 referred to conduct that occurred, respectively, "in or about" each of the subsequent 12 months. Prior to the commencement of the trial, defendant argued that, in reviewing the grand jury testimony, it was impossible to differentiate the alleged conduct to decipher which acts would apply to which counts. The victim testified to the grand jury that she specifically recalled defendant touching her inappropriately on October 17, 2014, the same date referred to in count 1 of the indictment, because that was the day that her father was arrested in her presence. Regarding the remaining counts, the victim stated that the alleged conduct happened "many times" when she was at defendant's house, "mostly all the times I went to see him," and "mostly every time." The victim's stepmother testified to the grand jury that, from 2014 until October 2015, the victim was at defendant's house at least once per month and sometimes weekly. Based on this grand jury testimony, "there is no way to match defendant's alleged acts with specific counts of the indictment" (People v Black, 65 AD3d at 814). Although the victim testified to the grand jury that the alleged acts occurred almost every time that she was at defendant's house, without more detail this does not preclude the possibility that the conduct could have occurred more than one time, or not at all, in each one-month period referenced by counts 2 through 13. Thus, County Court erred in denying defendant's pretrial motion to dismiss counts 2 through 13 of the indictment as duplicitous (see People v Keindl, 68 NY2d 410, 418-421 [1986]; People v Madsen, 168 AD3d 1134, 1138-1139 [2019]; People v Black, 65 AD3d at 813-814; People v Levandowski, 8 AD3d at 899-900).
When considered in conjunction with defendant's Molineux argument, we cannot conclude that the failure to dismiss those counts pretrial was harmless. Rather than hearing evidence related to one count addressing a single instance of sexual contact on a single day, the direct evidence addressed 12 additional incidents of sexual conduct occurring throughout the ensuing year. Moreover, in its Molineux ruling, County Court permitted evidence of uncharged crimes — namely, that the same type of sexual contact occurred beginning when the victim was five years old and continued mostly every time she was at defendant's residence, which at times was weekly — based on the victim's young age and inability to pinpoint dates on which the abuse occurred, except for the incident in count 1 that was memorable as it occurred on the same day as her father's arrest. In seeking the admission of this testimony, the People consistently argued that the testimony regarding uncharged crimes was necessary to prove counts 2 through 13, as the victim could not, and could not be expected to, furnish specific dates for those alleged incidents.
"[U]nder . . . Molineux jurisprudence, we begin with the premise that uncharged crimes are inadmissible and, from there, carve out exceptions" (People v Resek, 3 NY3d 385, 390 [2004]). The proffered Molineux evidence was not necessary to resolve any ambiguity as to count 1, and thus was beyond the Molineux exception for background information as provided by County Court in its ruling (see People v Leonard, 29 NY3d 1, 7-8 [2017]; People v Resek, 3 NY3d at 390; People v Lewis, 69 NY2d 321, 327 [1987]; compare People v Shofkom, 63 AD3d 1286, 1287-1288 [2009], lv denied 13 NY3d 799 [2009], appeal dismissed 13 NY3d 933 [2010]). If the court had dismissed counts 2 through 13 as duplicitous prior to the People's presentation of their case-in-chief, that likely would have changed the court's calculus as to the admission of the victim's testimony regarding uncharged crimes — including whether to allow testimony regarding the incidents referred to in those dismissed counts, which would no longer be direct evidence of charged crimes. Even if the testimony regarding the uncharged criminal [*2]conduct was permissible for a nonpropensity purpose, its prejudicial nature outweighed the minimal probative value that may be attributed to it as to count 1 (see People v Leonard, 29 NY3d at 8; People v Lewis, 69 NY2d at 328). While in some circumstances the undue prejudice resulting from Molineux evidence may be mitigated by a limiting instruction, here such an instruction was only provided once in the final charge to the jury, and not at the time of the victim's testimony, despite County Court having indicated that those instructions would be provided at the time that such evidence was admitted (compare People v Ramsaran, 154 AD3d 1051, 1055 [2017], lv denied 30 NY3d 1063 [2017]; People v Shofkom, 63 AD3d at 1288).
Regarding the cumulative effect of these nonconstitutional errors, as no physical evidence was presented at trial, the evidence "was not overwhelming, as it turned, primarily, on an assessment of the credibility of the complainant and defendant" (People v Tarantola, 178 AD2d 768, 770 [1991], lv denied 79 NY2d 954 [1992]; see People v Levandowski, 8 AD3d at 901). Further, the complainant's testimony may have been bolstered by the admission of her testimony concerning numerous uncharged incidents of sexual abuse by defendant. We cannot say that there was no significant probability that the jury would have acquitted defendant on the surviving count if the victim's testimony was limited to the conduct alleged in count 1 (see People v Mink, 267 AD2d 501, 504 [1999], lv denied 94 NY2d 950 [2000]; compare People v Story, 176 AD2d 1080, 1081 [1991], lv denied 79 NY2d 864 [1992]; People v Smyers, 167 AD2d 773, 775-776 [1990], lv denied 77 NY2d 967 [1991]; People v Townsend, 134 AD2d 730, 731 [1987], lv denied 71 NY2d 903 [1988]). Because the victim's testimony was the principal evidence of the crime, and her cumulation of defendant's uncharged criminal acts likely seriously prejudiced defendant in the eyes of the jury, the admission of the Molineux evidence was an error that cannot be qualified as harmless, especially when viewed in conjunction with County Court's denial of defendant's pretrial motion to dismiss counts 2 through 13 (see People v Leonard, 29 NY3d at 8; People v Lewis, 69 NY2d at 328). As the errors were not harmless, defendant was deprived of a fair trial. Accordingly, we reverse the conviction and remit for a new trial on count 1.
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Otsego County for a new trial on count 1 of the indictment.



Footnotes

Footnote 1: Defendant had recently received the grand jury transcripts as Rosario material.

Footnote 2: The People now concede that County Court was required to dismiss those counts as duplicitous and they have not sought permission to re-present any appropriate, non-duplicitous charges to another grand jury (cf. People v Madsen, 168 AD3d 1134, 1139 [2019]; People v Levandowski, 8 AD3d 898, 899-900 [2004]).