People v McNealy (2024 NY Slip Op 04230)

People v McNealy

2024 NY Slip Op 04230

Decided on August 15, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 15, 2024

113301
[*1]The People of the State of New York, Respondent,
v
Rayvon T. McNealy, Appellant.

Calendar Date:April 30, 2024

Before:Clark, J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Kathy Manley, Selkirk, for appellant.
Mary E. Saitta, Special Prosecutor, Binghamton, for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered December 22, 2021, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (two counts) and endangering the welfare of a child.
Defendant was charged by indictment with four counts of sexual abuse in the first degree and one count of endangering the welfare of a child in connection with allegations that he subjected a seven-year-old victim to sexual contact between August 2020 and November 2020. By the time of trial, two sexual abuse counts and the endangering the welfare count remained.[FN1] Defendant was convicted of the remaining counts and sentenced to concurrent terms of imprisonment, resulting in a prison sentence of three years with 10 years of postrelease supervision. Two no-contact orders of protection were also issued against him with an expiration date of December 22, 2032. Defendant appeals.
Defendant argues that the second count presented to the jury was rendered duplicitous by the victim's trial testimony and should have been dismissed. Contrary to the People's contention, this argument is properly preserved (see generally People v Allen, 24 NY3d 441, 449-450 [2014]). When moving for a trial order of dismissal following the close of the People's proof, defense counsel argued that "the evidence doesn't make out a prima facie case of the charges in the indictment," explaining that the victim's grand jury testimony was "completely different" than her trial testimony. After the People responded that they had presented evidence that defendant made sexual contact with the victim on one occasion when he did not have his shirt on, County Court interjected, "On which occasion though? Because there was — her testimony here today was that that was on multiple occasions." After the prosecutor emphasized that the victim stated on direct examination that "[s]he remembered one instance of [defendant] not wearing a shirt," defense counsel chimed in that on cross-examination the victim was "very clear that it was on at least two occasions," arguing that this testimony "does not make out a prima facie case on count two." Although defense counsel never explicitly used the word "duplicitous," it is clear that the court and the prosecutor understood defendant's argument to be grounded in such doctrine, with the People having the opportunity to address such argument. On this record, we conclude that the issue is properly preserved for review (see People v Madsen, 168 AD3d 1134, 1137 n 2 [3d Dept 2019]; People v Singh, 128 AD3d 860, 861 [2d Dept 2015]; compare People v Tomlinson, 53 AD3d 798, 799 [3d Dept 2008], lv denied 11 NY3d 835 [2008]).
After considering the victim's trial testimony, we agree with defendant that count 2 should have been dismissed as duplicitous. " 'Where a crime is completed by a discrete act, and where a count in the indictment is based on the repeated occurrence of that act over a course of time, the count includes [*2]more than a single offense and is duplicitous. Even if a count is valid on its face, it is nonetheless duplicitous where the evidence presented to the grand jury or at trial makes plain that multiple criminal acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict' " (People v Holtslander, 189 AD3d 1701, 1702 [3d Dept 2020], quoting People v Black, 65 AD3d 811, 813 [3d Dept 2009], lv denied 13 NY3d 905 [2009]; see People v Levandowski, 8 AD3d 898, 899-900 [3d Dept 2004]). As presented to the jury, counts 1 and 2 charged defendant with sexual abuse in the first degree under Penal Law § 130.65 (3), which required proof that he subjected the victim to sexual contact when she was less than 11 years old. Count 1 was premised upon allegations that, on one occasion between August 16, 2020 and November 2020, defendant "plac[ed] [the victim] on her stomach and touch[ed] her butt with his penis." By contrast, count 2 alleged that on one occasion during the same period defendant "plac[ed] [the victim] on her back and touch[ed] her vagina with his penis while he was not wearing a shirt."
The evidence relative to these charges derived mostly from the victim's trial testimony, wherein she revealed that she and defendant lived in the same household during the relevant time frame and he touched her inappropriately on several occasions while in the basement of the residence. With respect to count 2, when asked on direct examination whether defendant had his clothes on, the victim answered that he would "sometimes . . . take off his shirt" and "sometimes he would have no shirt on at all" (emphasis added). The prosecutor then asked the victim whether she remembered "more than one time that [defendant] didn't have a shirt on" and she stated: "I remember one time that he did not have his shirt on." On cross-examination, defense counsel asked the victim whether it was true that there were multiple times defendant "took his shirt off," to which she responded in the affirmative. She then explained that "[i]t was at least two" times and repeated this again when confronted with the fact that, during her grand jury testimony, she stated that defendant had taken his shirt off only once, clarifying that she "meant to say two."
Unlike continuing crimes, "which by their nature occur over a period of time" (People v Dalton, 27 AD3d 779, 781 [3d Dept 2006], lv denied 7 NY3d 811 [2006]), the sexual abuse charge underlying this count was premised upon a single, discrete act that occurred on one occasion between August 2020 and November 2020 when defendant was not wearing a shirt. The victim's testimony speaks to two occasions when this happened (see People v Madsen, 168 AD3d at 1138-1139). Where, as here, "trial testimony provides evidence of repeated acts that cannot be individually related to specific counts in the indictment, the prohibition against duplicitousness has been violated"[*3](People v Black, 65 AD3d at 814 [internal quotation marks and citation omitted]; see People v Singh, 128 AD3d at 861; People v Dalton, 27 AD3d at 781). Accordingly, defendant's conviction on count 2 must be reversed and the count dismissed, with leave granted to the People to re-present this charge to a new grand jury if appropriate.
We are unpersuaded by defendant's argument that County Court erred in permitting the victim's mother to testify as a prompt outcry witness. "Although hearsay is generally inadmissible, evidence that a victim of sexual assault promptly complained about the incident is admissible to corroborate the allegation that an assault took place, with promptness being a relevant concept dependent on the facts" (People v Christie, 224 AD3d 1097, 1100-1101 [3d Dept 2024] [internal quotation marks and citations omitted]; see People v Maisonette, 192 AD3d 1325, 1327-1328 [3d Dept 2021], lv denied 37 NY3d 966 [2021]). Over defendant's objection, the People elicited testimony from the victim's mother that, on November 24, 2020, the victim disclosed the abuse and informed her that it occurred "every time [she] le[ft]." The mother explained that the victim then brought her to the basement room where the abuse took place and informed her that defendant would pick her up, lay her down on the bed and breathe really hard.
Here, there was no significant delay in reporting the abuse, with the victim doing so on November 24, 2020 and the indictment charging defendant with conduct occurring from August to November 2020. "Considering the victim's age, that defendant was an authority figure in her life and her testimony that she was scared of defendant, [County] Court did not err in concluding that such disclosure was admissible as a prompt outcry" (People v Maisonette, 192 AD3d at 1328 [citations omitted]). Nor, as defendant claims, did County Court commit reversible error in permitting the mother to provide detail as to the nature of the victim's disclosure. As defendant correctly notes, the Court of Appeals has held that the prompt outcry exception permits the admission of evidence revealing "the fact of a complaint, [but] not its accompanying details" (People v McDaniel, 81 NY2d 10, 17 [1993]). Even so, in our view, the mother's testimony about the victim's disclosure was not "so detailed as to deprive defendant of a fair trial" (People v Manning, 81 AD3d 1181, 1184 [3d Dept 2011], lv denied 18 NY3d 959 [2012]; see People v McDaniel, 81 NY2d at 18; People v Moffitt, 20 AD3d 687, 690 [3d Dept 2005], lv denied 5 NY3d 854 [2005]).
Defendant's claim of prosecutorial misconduct is unpreserved, as he did not object to the questions and statements now being challenged on appeal (see People v Casey, 214 AD3d 1121, 1123 [3d Dept 2023], lv denied 30 NY3d 927 [2023]). Also unpreserved is defendant's assertion that the expiration date of the orders of protection issued against him at sentencing should be reduced by five months to account for jail time [*4]credit (see People v Nieves, 2 NY3d 310, 316-317 [2004]; People v Gardner, 129 AD3d 1386, 1387 [3d Dept 2015]). In any event, both defendant's argument and the People's concession in their brief are based on the mistaken assertion that the maximum term of the determinate sentence actually imposed expired in July 2024. Here, the orders of protection could have extended into 2042 (prison sentence imposed in 2021 of three years, followed by 10 years of postrelease supervision equals 2034, plus eight years) (see CPL 530.13 [4] [A]; People v Williams, 19 NY3d 100, 103-104 [2012]; People v Surdis, 160 AD3d 1305, 1306-1307 [3d Dept 2018], lv denied 32 NY3d 941 [2018]). As the orders were set to expire in December 2032, well within the statutory range, defendant's request for a reduction in the term by five months to account for jail time credit is unavailing (see generally People v Martinez, 114 AD3d 1173, 1174 [4th Dept 2014], lv denied 22 NY3d 1200 [2014]).
Clark, J.P., Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is modified, on the law and the facts, by reversing defendant's conviction of sexual abuse in the first degree under count 2 of the amended indictment; said count dismissed and the sentence imposed thereon vacated, with leave to the People to re-present the charge to a new grand jury; and, as so modified, affirmed.

Footnotes

Footnote 1: Counts 2 and 3 of the original indictment were dismissed before trial as duplicitous. The People were permitted to amend the indictment accordingly. As such, the reformulated counts 1 and 2 are at issue on this appeal.